IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOSEPH CHARLES CARSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  05-3068 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Joseph Charles Carson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition).  For the reasons set forth below, Carson's claims are denied.

Carson was charged in a one-count Indictment (Case No. 03-30084 (d/e 4)) with bank robbery by force or violence in violation of 18 U.S.C. § 2113(a)(1).  Carson entered a guilty plea before United States Magistrate Judge Byron Cudmore on October 23, 2003.  Carson's plea was accepted by United States District Judge Richard Mills on October 30, 2003.  Carson was sentenced by Judge Mills on April 5, 2004, to 169 months

1

imprisonment to run consecutively to the undischarged portion of a sentence that Carson was serving for a state case.

The Presentence Report (PSR) prepared by the United States Probation Office in anticipation of Carson's sentencing hearing recommended that Carson receive a three-level enhancement in offense level under U.S.S.G. § 2B3.1(b)(2)(E) for brandishing a dangerous weapon and that Carson be classified as a career offender under U.S.S.G. § 4B1.1. At the sentencing hearing, Carson, through defense counsel Karl Bryning, objected to the imposition of the three-level firearm enhancement under U.S.S.G. § 2B3.1(b)(2)(E), the imposition of which would have increased Carson's offense level from 22 to 25. The Court determined that it was unnecessary to rule on the objection, pursuant to Federal Rule of Criminal Procedure 32(i)(3)(B), because Carson's status as a career offender, to which no objection was made, dictated an automatic increase in offense level to 32, regardless of whether the § 2B3.1(b)(2)(E) enhancement was applied. See U.S.S.G. § 4B1.1(b). The Court determined that Carson's final offense level was 29 and that he fell in a Criminal History Category VI, resulting in a U.S.S.G. sentencing range of 151 to 188 months imprisonment. As set forth above, Judge Mills sentenced Carson to 169 months imprisonment.

Appeal admonishments were given at the time of sentencing. <u>Case No. 03-30084: Minute Entry, dated April 5, 2004</u>; <u>Transcript of Sentencing Hearing (d/e 24)</u>, p. 28. Judgment was entered April 6, 2004.

On August 2, 2004, Carson filed a pro se Motion for Leave to Appeal (Case No. 03-30084 (d/e 18)), alleging that he had told Attorney Bryning, to file a Notice of Appeal, but Bryning failed to do so. Specifically, the Motion for Leave to Appeal stated:

> Following the defendant's sentencing and well within the time frame permitted for the filing of a timely Notice of Appeal as provided for under the applicable rule of procedure, the defendant advised counsel of his desire to pursue direct appellate review. Specifically, the defendant expressed his view to counsel that he did not believe that he fit the criteria for classification as a career criminal. Likewise, the defendant advised counsel that he was improperly assessed a United States Sentencing Guidelines enhancement for the use of a firearm as no such firearm was ever used. Counsel assured the defendant that he would perfect an appeal. However, subsequent to numerous failed attempts to obtain information as to the status of the defendant's desired appeal from counsel, the defendant telephoned the United States Court of Appeals for the Seventh Circuit inquiring as to the disposition of his direct appeal, the clerk's office advised the defendant that no appeal was filed in this case. Immediately thereafter, the defendant finally was able to reach counsel while in his office, and without explanation, counsel informed the defendant that no appeal had been filed.

<u>Motion for Leave to Appeal</u>, p. 2. The Court denied Carson's Motion for Leave to Appeal by Order dated August 10, 2004 (Case No. 03-30084 (d/e

3

19)). Carson filed a pro se Notice of Appeal (Case No. 03-30084 (d/e 20)) on October 4, 2004. The Court of Appeals dismissed Carson's appeal for lack of jurisdiction. Mandate of USCA, Case No. 03-30084 (d/e 25). Carson filed the instant Petition on March 28, 2005. By Text Order, dated April 6, 2006, the case was reassigned to this judge.

## ANALYSIS

Carson's Petition raises three grounds for relief. First, Carson asserts that trial counsel was ineffective for failing to comply with his request to file a Notice of Appeal. He further asserts that the Court's imposition of the § 2B3.1(b)(2)(E) and the career offender enhancements during his sentencing hearing violated his Sixth Amendment rights. Finally, Carson asserts that he does not fit the requirements for a career offender enhancement. For the reasons set forth below, Carson's claims are denied.

This Court must determine whether Carson is entitled to an evidentiary hearing on any of his claims. Section 2255 Rule 8(a). Under Seventh Circuit precedent, "[a] section 2255 petitioner is entitled to an evidentiary hearing on his claims, when he alleges facts that, if proven, would entitle him to relief." Stoia v. United States, 22 F.3d 766, 768 (7th Cir. 1994). However, before he is entitled to an evidentiary hearing, Carson

4

bears the burden of filing a detailed and specific affidavit which shows that he has actual proof of the allegations, rather than mere unsupported assertions. Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002).

### A. NOTICE OF APPEAL

Carson asserts that trial counsel was ineffective for failing to comply with his request to file a Notice of Appeal. Because Carson claims ineffective assistance of counsel, the Court must begin its analysis with Strickland v. Washington, 466 U.S. 668 (1984). The Supreme Court has expressly considered the application of Strickland in the context of counsel's failure to file a Notice of Appeal. See Roe v. Flores-Ortega, 528 U.S. 470 (2000). The Flores-Ortega Court noted that, because the Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," the threshold inquiry is whether the attorney ignored his/her client's wishes. Id. at 477. "[F]iling a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." Id. "If the client instructed the lawyer to file a notice of appeal and the lawyer failed to do so, both prongs of the Strickland test are satisfied and the client is entitled to a fresh appeal." Quintero v. United States, 316

5

F.Supp.2d 711, 719 (N.D. Ind. 2004) (citing <u>Flores-Ortega</u>, 528 U.S. at 477 ). Specifically, the lawyer's failure to file the requested appeal is professionally unreasonable, and "the client's instruction to file the appeal objectively indicates an intent to appeal, which conclusively satisfies <u>Strickland</u>' s prejudice prong." <u>Id</u>. (<u>citing</u> <u>Flores-Ortega</u>, 528 U.S. at 477 (failure to file is professionally unreasonable), 485 (instruction to appeal demonstrates prejudice component)).

Carson relies heavily on <u>Flores-Ortega</u>; the Government fails to address the case. Carson asserts that he is entitled to habeas relief under the threshold inquiry of <u>Flores-Ortega</u> because Bryning failed to comply with his request to file a Notice of Appeal. The Government concedes that a factual dispute exists between Carson and Bryning as to the circumstances surrounding Carson's request for a Notice of Appeal to be filed. <u>See Government's Opposition to § 2255 Petition</u>, ¶ 15. After reviewing the record as a whole, the Court finds that Carson fails to meet his required burden to obtain an evidentiary hearing on the issue and, further, that the evidence presented is insufficient to justify relief on this claim.

The Court notes that Carson's Petition is sworn and that, additionally, he attached his sworn Declaration in support of his claims. The Petition

6

states that Carson explicitly requested that Bryning initiate an appeal and that Bryning told him an appeal would be taken. <u>Petition</u>, Attachment 1, <u>Memorandum of Law</u>, p. 2. The Petition continues, "After consulting counsel about the appeal, it was revealed that counsel stated that it was too late to seek an appeal. Movant then sought to file a belated notice of appeal in the district court." <u>Id</u>.

Carson's sworn Declaration avers that he told Bryning to appeal the career offender and firearm enhancements and that "Attorney Karl Bryning advised me that he would appeal that sentence that was imposed by the court." <u>Petition</u>, Attachment 5, <u>Declaration of Joseph Charles Carson</u>, ¶¶ 5-6.

Carson further addresses the issue in his Response to Governments [sic] Opposition to Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (d/e 7) (Response). The Court notes that this document is signed, but not sworn, and does not indicate that it was signed under penalty of perjury, so as to qualify as an affidavit. <u>See</u> 28 U.S.C. § 1746. However, even considering the allegations in the Response, the Court finds that they are unsupported and lacking in detail and specificity. On page 2, Carson seems to concede that Bryning asked him at the time of

7

sentencing whether he wanted to appeal and that Carson told Bryning he wanted to think about it. After discussing the Government's allegation to this effect, Carson explains "approximetly [sic] 2 to 3 days later Petitioner called Attorney Brying [sic] back and told him that he wanted to appeal, whereas, counsel informed the petitioner that it may not be good to appeal because the petitioner could receive more time." Response, p. 2. However, on the next page, which is also numbered 2, Carson states "petitioner never told Attorney Bryning, . . . that he did not want to file the Notice of Appeal, and it is clear that petitioner did in fact call Mr. Bryning back and stated that he changed his mind that he wanted Mr. Bryning to proceed with the filing of the Notice of Appeal. Whereas, Attorney Bryning informed the petitioner that it was already beyond the 10-day deadline and a Notice of Appeal could not be filed." Id., p. 2 (second numbered p. 2). On the next page of the Response, Carson asserts "after counsel informed the petitioner that if he appealed he could receive more time, counsel failed to accept any more phone calls from the petitioner after this conversation." Id., p. 3. Carson asserts on several occasions that Bryning failed to comply with his request to file a timely Notice of Appeal. See, e.g., id., p. 1. However, Carson further argues "that once counsel became aware that petitioner

8

wanted to appeal the sentence instead of informing the petitioner that the time had expired in filing the Notice of Appeal, he was duty bound to review the Fed. R. App. Proc[.] under Rule 4(b) and requested [sic] an extension [sic] of time to properly file petitioner's Notice of Appeal . . . ." Id., p. 3.

"In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1). However, "[u]pon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4).

In the instant case, the Court notes that Carson fails to allege any dates for the events that he describes. Furthermore, other than the reference in Carson's Response to "2 to 3 days later," Carson fails to assign any time line whatsoever to the events. The Court finds the "2 to 3 day" reference to be completely unsupported, and contradicted by Carson's other allegations. Carson's Response implicitly acknowledges that when Bryning

asked Carson if he wanted to appeal, he said he would have to think about it. Carson asserts that he called Bryning back to say that he had changed his mind and wished to appeal. However, Carson inconsistently avers first, that Bryning told him it might not be good to appeal and then, that Bryning told him that the 10-day period for filing a Notice of Appeal had expired. Moreover, Carson asserts that once Bryning became aware that he wanted to appeal, rather than telling him the 10-day period had expired, Bryning should have discussed the applicability of an extension under Rule 4(b)(4). Furthermore, not only is Carson's Response internally inconsistent, it is inconsistent with his Petition with the facts set out in his Motion for Leave to Appeal in his criminal case.

Therefore, the Court finds that Carson has failed to present detailed and specific allegations sufficient to support a finding that he asked Bryning to file a Notice of Appeal within the 10-day period set out in Fed. R. App. P. 4(b)(1). Similarly, Carson has failed to present detailed and specific allegations sufficient to support a finding that he asked Bryning to file a Notice of Appeal within thirty days of the expiration of the initial 10-day period. Moreover, the Court notes that, even if Carson had presented detailed and specific allegations sufficient to support a finding that he asked

Bryning to file a Notice of Appeal after the ten days had expired, but within the thirty days of a possible extension period, a motion for extension of time under Rule 4(b)(4) is not a merely ministerial act. Rule 4(b)(4) gives the Court discretion to extend the period for filing a Notice of Appeal for up to thirty days "[u]pon a finding of excusable neglect or good cause." Carson cites no authority to support his contention that an attorney faced with an untimely client request to file a Notice of Appeal is bound to discuss with the client the possibility of an extension under Rule 4(b)(4), nor does he proffer any justification for a Rule 4(b)(4) extension in his case. The Court is not persuaded that the Flores-Ortega rational would extend to the Rule 4(b)(4) context.

    The second inquiry under Flores-Ortega involves the situation where the client neither instructs counsel to file an appeal nor asks that an appeal not be taken. In this case, the relevant inquiry becomes whether counsel consulted with the client regarding "the advantages and disadvantages of taking an appeal" and made a "reasonable effort to discover the defendant's wishes." Flores-Ortega, 528 U.S. at 478. "If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself

11

constitutes deficient performance." Id.  The Supreme Court has held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480.  In the instant case, Carson does not assert that Bryning failed to consult with him or that Bryning failed to make a reasonable effort to discover his wishes before the ten-day time period for filing a Notice of Appeal expired.  Thus, the Court need not reach Carson's argument that a rational defendant would have wanted to appeal.  Carson is not entitled to an evidentiary hearing on the Notice of Appeal issue, and his claim for habeas relief on this issue is denied.

    B.    BOOKER/BLAKELY

As a second argument for relief, Carson relies on United States v. Booker and Blakely v. Washington for the proposition that the imposition of certain sentencing enhancements during his sentencing hearing violated his Sixth Amendment rights.  See Booker, 543 U.S. 220 (2005); Blakely, 542 U.S. 296 (2004).  The rules announced in Blakely and Booker may not

be used retroactively as a basis for collateral review at this time. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Morris v. United States, 333 F.Supp.2d 759 (C.D. Ill. 2004). Thus, Carson is not entitled to relief on this ground.

### C. CAREER OFFENDER ENHANCEMENT

As set forth above, the sentencing judge determined that Carson qualified as a career offender under U.S.S.G. § 4B1.1. Defendant did not object to this determination. Under U.S.S.G. § 4B1.1(a):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Carson asserts that he does not meet the third prong of this definition, that trial counsel was ineffective in failing to object to the enhancement, and that the Government knew that the enhancement was inappropriate but failed to inform the Court. Specifically, Carson asserts that his prior Cook County conviction in Case No. 00-C-661686-01 did not constitute a crime of violence for career offender purposes.

A "crime of violence" under the career offender analysis is defined as

follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2. Carson concedes that residential burglary under 720 ILCS 5/19-3 constitutes a crime of violence for career offender purposes. However, Carson asserts that his conviction in Case No. 00-C-661686-01 was for generic burglary under 720 ILCS 5/19-1 rather than for residential burglary under 720 ILCS 5/19-3. The Seventh Circuit, analyzing 720 ILCS 5/19-1 & 19-3, explained that only burglary "of a dwelling," and not mere burglary of a building, is sufficient to qualify as a "crime of violence" under the career offender enhancement of U.S.S.G. § 4B1.1. United States v. Hicks, 122 F.3d 12 (7th Cir. 1997).

In support of his claim, Carson points to a document titled "Notification of Felony Final Disposition." Petition, Attachment 2, Notification of Felony Final Disposition (Notification). The Notification is certified by the Clerk of the Circuit Court of Cook County. Under a

14

section entitled "Conviction Information," the Notification states that Carson was convicted under 720 ILCS 5/19-1. Additionally, it names the charge as "Burglary." In his Response, Carson also points to the docket sheet for Case No. 00-C-661686-01, which the Government attached as an exhibit to its Opposition. Supplemental Memorandum in Opposition to § 2255 Petition (d/e 6) (Government's Opposition), Ex. 2, Certified Statement of Conviction/Disposition. As Carson correctly notes, the first page of Government's Exhibit 2 "certif[ies] that the electronic records of the Circuit Court of Cook County show that: The States Attorney of Cook County filed an INDICTMENT/INFORMATION Charging the above named defendant with: 720-5/19-1 F BURGLARY." Id.

"A court reviewing a defendant's record for Career Offender qualification purposes should ask only what the defendant's conviction was, and the only thing that answers that question is the charging document." United States v. Kindle, 453 F.3d 438, 441-42 (7th Cir. 2006). The Government has provided the Court with a copy of the Information in Case No. 00-C-661686-01 which clearly charges Carson with the burglary of a dwelling place in violation of 720 ILCS 5/19-3. Government's Opposition, Ex. 1, Information in Cook County Case No. 00-C-661686-01, p. 2.

15

Carson does not dispute that Government's Exhibit 1 was filed in No. 00-C-661686-01, and he fails to present detailed and specific allegations of the existence of a superseding charging document or any amendment to the Information. Indeed, Carson's allegations on this issue are contradictory. In his Response, Carson alleges that "the Clerk of the Court informed the petitioner that the grand Jury had Supersecded [sic] the charge from Residential Burglary, to 'Burglary' . . . ." Response, p. 14. However, in his Motion to Stay the instant matter, Carson stated that, as a part of his Plea Agreement in Case No. 00-C-661686-01, "the plea was negotiated for dismissal of the more serious charge and charged with 'Burglary' (A Non-Violent Class 2 felony)." Emergency Omnibus Motion to Stay this Court's Ruling/Determination of § 2255 Pending Outcome of Petitioner's Emergency Motion to Correct/Alter the State Record and Notice of Motion to Expand the Record and/or Take Judicial Notice by Virtue of Rule 201 F. R. Evid. (d/e 8), p. 2.

Additionally, the Seventh Circuit has acknowledged that the Supreme Court's holding in Shepard v. United States is applicable to the U.S.S.G. Career Offender analysis. See United States v. McGee, 408 F.3d 966, 988 (7th Cir. 2005) (citing Shepard, 544 U.S. 13 (2005)). In Shepard, the

16

Supreme Court limited the inquiry into prior convictions for Armed Career Criminal Act purposes "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." 544 U.S. at 26. In the instant case, the transcript from the plea and sentencing hearing in Cook County Case No. 00-C-661686-01 makes it clear that Carson pleaded guilty to and was sentenced for residential burglary. See Government's Opposition, Ex. 3, Transcript of Proceedings held July 17, 2001, p. 2, 5-6. Carson's unsupported and contradictory allegations regarding the Information, even coupled with the two clerical references to generic burglary, are insufficient to justify an evidentiary hearing on the issue. A prior conviction for burglary of a dwelling under 720 ILCS 5/19-3 meets the definition of a crime of violence under the career offender analysis. Carson's claims for relief based on the imposition of the career offender enhancement fail.

THEREFORE, Petitioner Joseph Charles Carson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DENIED. All pending motions are denied as

moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: October 18, 2006.

FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                     UNITED STATES DISTRICT JUDGE